### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

WILSON K. MILLER,

                            Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,[1]

                          Defendant.

Civil No. 19-2842 (JRT/TNL)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES**

---

Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; Meredith E. Marcus, **DALEY DISABILITY LAW PC**, 601 West Randolph Street, Suite 300, Chicago, IL 60661, for plaintiff.

Kizuwanda Curtis, **OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite A702, Dallas, TX 75202, for defendant.

Plaintiff Wilson K. Miller brought this action against the Commissioner of Social Security ("the Commissioner"), seeking judicial review of a denial of disability benefits. Upon the agreement of the parties, United States Magistrate Judge Tony L. Leung remanded the case to the Commissioner of Social Security for further administrative action.  On remand, Miller was awarded $111,553.52 in past-due benefits.  Miller moved

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021.  Kijakazi is automatically substituted as the defendant in this matter for Andrew M. Saul, the former Commissioner of Social Security.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

for attorney fees and costs under the Equal Access to Justice Act and was awarded $6,472.16 in fees and $400 in costs.  Miller has now moved for attorney fees pursuant to § 206(b)(1) of the Social Security Act and in accordance with the contingency fee agreement between Miller and his attorneys.  Because the Court finds that the requested fees are reasonable, the Court will grant the Motion for Attorney Fees, award Miller's counsel $27,888.38, and order Miller's counsel to refund Miller $6,472.16.

## BACKGROUND

On March 13, 2016 Miller filed an application for Social Security disability insurance benefits ("DIB"), alleging a disability beginning May 7, 2015.  (Compl. ¶ 5, Nov. 5, 2019, Docket No. 1.)  The Social Security Administration ("SSA") denied his application, and Miller filed an action for judicial review of the denial after exhausting administrative remedies.  (*Id.* ¶¶ 5–8.)  On July 28, 2020, the Magistrate Judge remanded the case to SSA, with the agreement of the parties, for further administrative proceedings pursuant to 42 U.S.C. § 405(g).  (Order Granting Mot. Remand, July 28, 2020, Docket No. 25; Meet & Confer Statement, July 27, 2020, Docket No. 23.)  On February 12, 2021, SSA reversed the denial and awarded Miller $111,553.52 in past-due DIB benefits dating to May 7, 2015.  (Mot. for Attorney Fees Pursuant to § 206(b)(1) ("§ 206(b)(1) Mot.") ¶ 2, July 9, 2021, Docket No. 36.)  Following the remand, the Court ordered an award of $6,472.16 in fees and $400 in costs under the Equal Access to Justice Act ("EAJA") to Miller.  (Order Granting Mot. Attorney Fees, Jan. 7, 2021, Docket No. 35.)

After prevailing on remand, counsel for Miller filed a Motion for Attorney Fees pursuant to § 206(b)(1) of the Social Security Act (codified at 42 U.S.C. § 406(b)(1)). (§ 206(b)(1) Mot.)  The motion seeks $27,888.38, representing 25 percent of the total past-due award, to be paid from Miller's withheld past-due DIB.  (*Id.* ¶ 2.)  In support of this motion, Miller's counsel submitted the Social Security Administration Notice of Award, the contingency fee agreement between Miller and his counsel, professional qualifications of the legal professionals who worked on the case, and a time log for those professionals.  (Exs. for § 206(b)(1) Mot., Exs. A–D, July 9, 2021, Docket No. 37.)  The contingency fee agreement provides that Miller's counsel receive 25 percent of any past-due benefits awarded.  (Ex. B.)  The time log indicates that attorneys and non-attorney professional staff spent 37.6 hours working on Miller's case.  (Ex. D)  The Commissioner does not object to the motion, but requests that if Miller's counsel is awarded fees under both the EAJA and 42 U.S.C. § 406(b)(1)(A), the Court order Miller's counsel to refund the lesser of the awards to Miller.  (Resp. to § 206(b)(1) Mot., July 28, 2021, Docket No. 40.)

**DISCUSSION**

**I.     REASONABLENESS OF THE FEE**

A court may award counsel for a successful Social Security claimant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits."   42 U.S.C. § 406(b)(1)(A).   Although contingency fees arrangements are permissible, "§ 406(b) calls for court review of such arrangements as an independent

check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Courts do this by first looking at the agreement itself and then test the actual award for reasonableness "based on the character of the representation and the results the representative achieved."  *Id.* at 808.  The Court may reduce the fee awarded when the representation is substandard, when counsel delays the proceedings resulting in the accumulation of benefits, or when the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

Here, counsel's representation of Miller was successful as it eventually resulted in an award of $111,553.52 and a finding of disability beginning the date Miller requested. Therefore, an award of fees is warranted under the statute and the agreement.

The requested attorney fees of $27,888.38 are reasonable under the relevant considerations.  The agreement does not facially violate 42 U.S.C. § 406(b) because it is not in excess of 25 percent.  Nothing indicates the agreement itself was unreasonable at the outset.  Contingency fees of 25 percent are common in Social Security cases.  *See id.* at 800.  Moreover, the record Miller's counsel worked with was more than 2,500 pages long.  (Mot. Extension of Time ¶ 2, May 14, 2020, Docket No. 14.)  When signing the agreement, it was not obvious that Miller would succeed or that his counsel would need to spend minimal hours for a large fee.  Next, the representation was not substandard as

-4-

indicated by the final result, and Miller's counsel was not responsible for significant or unreasonable delay.[2]

Finally, the full award would not result in a disproportionate payment to counsel based on the time spent on the case and the complexity of the proceedings. Miller's attorneys and other staff spent a total of 37.6 hours working on this case. Counsel's effective hourly rate, if awarded the requested $27,888.38, would be $741.71. While $741.71 may appear excessive on its face, it is not unreasonable based on the risk counsel assumed with the contingency fee arrangement, it does not represent a windfall for counsel, and it is comparable to the rates awarded in other Social Security cases in the District of Minnesota. *See, e.g.*, *Shane T. v. Saul*, No. 18-634, 2020 WL 5743075, at *2 (D. Minn. Sept. 25, 2020) (approving $775.85 effective hourly rate); *Jody A. E. v. Saul*, No. 16-969, 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019) (approving $1,229.63 effective hourly rate); *Smith v. Astrue*, No. 06-2091, 2008 WL 2609443, at *4 (D. Minn. June 24, 2008) (approving $1,141.91 effective hourly rate). And the award is appropriate in light of counsel's agreement to waive compensation for representing Miller in the

---

[2] In May 2020, Miller's counsel filed one motion for an extension of time, requesting an additional twenty-one days to file the opening brief. (Mot. Extension of Time.) Miller's counsel requested the extension due to a medically complex and lengthy record, difficulties due to the COVID-19 pandemic, and other reasons beyond counsel's control. (*Id.* ¶ 2.) Given these circumstances, the minimal benefit which accrued to counsel as a result of the delay, and the lack of a pattern of delay, the Court finds this delay to be insignificant for the purposes of calculating reasonable attorney fees. *Cf. Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)).

administrative proceedings.  For these reasons, the Court will award the entire requested

amount of $27,888.38.

## II.   REFUND OF EAJA FEES TO MILLER

When an attorney receives fees for the same work under both the EAJA and 42

U.S.C. § 406(b)(1)(A), the attorney must refund the smaller of the two amounts to the

claimant.  *Gisbrecht*, 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat.

186).[3]  The Court previously awarded Miller's counsel $6,472.16 in EAJA fees.  Because

the award under the EAJA is smaller than the award under 42 U.S.C. § 406(b)(1)(A), the

Court will order counsel to refund the $6,472.16 EAJA award to Miller.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) [Docket

No. 36] is **GRANTED**;

2.  Plaintiff's counsel is awarded $27,888.38; and

3.  Plaintiff's counsel must refund to Plaintiff the amount of $6,472.16,

representing the EAJA fees previously awarded.

---

[3] Even absent this statutory requirement, the fee arrangement between Miller and counsel requires this refund.  (Exs. for § 206(b)(1) Mot., Ex. B at 1.)

DATED:  November 9, 2021
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court