**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

WILSON M.,

No. 19-2842 (JRT/TNL)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION**

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

Defendant.

---

Edward C. Olson, 331 Second Avenue South, Suite 420, Minneapolis, MN 55401; Meredith E. Marcus, **DALEY DISABILITY LAW P.C.**, 4256 North Ravenswood Avenue, Suite 104, Chicago, IL 60613, for plaintiff.

Kizuwanda Curtis, **OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite A702, Dallas, TX 75202, for defendant.

Plaintiff Wilson M. brought this action against the Commissioner of Social Security, seeking judicial review of a denial of disability benefits. Plaintiff was awarded $111,553.52 in past-due benefits and $6,472.16 in attorney fees under the Equal Access to Justice Act ("EAJA"). Pursuant to 42 U.S.C. § 406(b)(1) and the 25 percent contingency fee agreement between Plaintiff and his counsel ("Counsel"), the Court awarded Counsel $27,888.38 and ordered Counsel to refund Plaintiff the EAJA award pursuant to the fee agreement and *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). After the Court awarded the attorney fees, Plaintiff filed his opposition to the fees. Because Plaintiff and Counsel

entered into a contract permitted by law and the fee award is reasonable, the Court will

deny Plaintiff's Motion.

## BACKGROUND

The Court previously addressed the factual background for this case.  (*See* Order

Granting Mot. Att'y Fees at 2–3, Nov. 9, 2021, Docket No. 41.)  In short, Plaintiff filed for

Social Security disability insurance benefits, the Social Security Administration ("SSA")

denied his application, Plaintiff filed this action for judicial review represented by Counsel,

the Court remanded the case to the SSA, the SSA reversed its previous denial and awarded

Plaintiff $111,553.52 in past-due benefits, and the Court awarded fees under the EAJA.

(*Id.* at 2.)  Counsel then moved to receive 25 percent of the benefit as its fees for

representing Plaintiff, in accordance with 42 U.S.C. § 406(b)(1) and the contingency fee

arrangement between Plaintiff and Counsel.  (*Id.* at 3.)  After reviewing all the records

provided in the case, the Court found that fees were reasonable, awarded Counsel the

fees, and ordered Counsel to refund Plaintiff the EAJA award.  (*Id.* at 6.)

Plaintiff filed a Motion with the Court opposing the award to Counsel, asserting

that the award was not reasonable and asking the Court to either deny or lessen the fee.

(Opp. Pet. Att'y Fee, Jan. 14, 2022, Docket No. 42.)  In support of his Motion, Plaintiff filed

exhibits including (1) an Order from an administrative law judge ("ALJ") denying approval

of the fee agreement between Plaintiff and Counsel ("ALJ Order") and (2) a copy of a

motion for attorney fees filed by Counsel in a different Social Security case where Counsel

represented a "Trista S." ("Trista S. Motion").  (Exs. Opp. Pet. Att'y Fee, Exs. A, C, Jan. 14,

2022, Docket No. 43.)[1]  The effective hourly rate for representing Trista S. was $431.81.

(Opp. Pet. Att'y Fee ¶ 8.)  The total requested also represented 25 percent of Trista S.'s

award in accordance with Counsel's agreement with Trista S.  (Exs. Opp. Pet. Att'y Fee,

Ex. C ¶¶ 2, 5.)  Counsel mistakenly sent Plaintiff the Trista S. Motion.  (Opp. Pet. Att'y Fee

¶ 8; Resp. Opp. Pet. Att'y Fee at 1, Feb. 8, 2022, Docket No. 45.)

Counsel opposes Plaintiff's Motion and requests the full fee as the Court originally

ordered.  (Resp. Opp. Att'y Fee.)

**DISCUSSION**

Plaintiff's Motion first presents a question of how the Court should review the

filing.  As the Court has already entered an order awarding the fees, Plaintiff's Motion

would appear to be a motion to reconsider an order which is typically considered under

Federal Rule of Civil Procedure 60(b).  *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir.

1999).

Rule 60(b) "provides for extraordinary relief which may be granted only upon an

adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048

(8th Cir. 2008) (quotation omitted).  The District of Minnesota's Local Rules also require a

party to receive permission from the Court before filing such a motion by demonstrating

---

[1] Plaintiff also included a copy of the order in *Batista v. Commissioner of Social Security*, No. 13-4185, 2021 WL 6051569 (E.D.N.Y. Dec. 21, 2021) and the SSA Notice denying Plaintiff's original disability application.  (Exs. Opp. Pet. Att'y Fee, Exs. B, D.)

"compelling circumstances" for such permission.  D. Minn. LR 7.1(j).  The standard for Rule

60(b) motions and motions to reconsider is high.  This is so because parties typically have

already had a chance to litigate the issue and because judicial efficiency and finality of

orders are important values.  *See Stutson v. United States*, 516 U.S. 193, 197 (1996).

Distinct about Plaintiff's Motion though, is that he is not requesting relief that will

affect an opposing party; instead, he requests relief from his own attorneys.  As his

attorneys filed the previous motion for fees, in at least some sense, he has not had an

opportunity to litigate this issue and may not have even known that he could oppose the

amount of fees until after the previous order was entered.  Therefore, it may be

unreasonable to hold Plaintiff to Rule 60(b)'s or the Local Rule's requirements.

Ultimately, the Court need not resolve which standard to employ because even if

the Court does not apply the higher standards of Rule 60(b), instead reconsidering

Counsel's original motion anew alongside Plaintiff's arguments made in his Motion, the

full fee award is reasonable, and the Court will award Counsel the full amount.

A court may award counsel for a successful Social Security claimant "a reasonable

fee for such representation, not in excess of 25 percent of the total of the past-due

benefits."   42 U.S.C. § 406(b)(1)(A).   Although contingency fees arrangements are

permissible, "§ 406(b) calls for court review of such arrangements as an independent

check, to assure that they yield reasonable results in particular cases." *Gisbrecht*,535 U.S.

at 807.  Courts do this by first looking at the agreement itself and then test the actual

award for reasonableness "based on the character of the representation and the results

the representative achieved." *Id.* at 808.  The Court may reduce the fee awarded when

the representation is substandard, when counsel delays the proceedings resulting in the

accumulation of benefits, or when the "benefits are large in comparison to the amount

of time counsel spent on the case." *Id.*

Plaintiff does not contend that Counsel received more than 25 percent of his award

which would violate the statute.[2]  *See* 42 U.S.C. § 402(b)(1)(A).  Nor does he contend that

the fee agreement here did not allow Counsel to receive a 25 percent fee, that Counsel's

representation was substandard, that the results were unsuccessful, or that Counsel

delayed the proceedings.

Instead, Plaintiff contends Counsel's effective hourly rate of $741.71 is

unreasonable in light of other cases' effective hourly rates and what Plaintiff contends

was a high likelihood of success.  Plaintiff also contends that he has been deprived of the

time-value of money so reducing the fee would help lighten that burden for him.

---

[2] Plaintiff does, however, cite an ALJ's refusal to award fees because the fee was more than $6,000.  The statute allowing for attorney fees bars awarding fees in excess of $6,000 for representation before the SSA.  *See* 42 U.S.C. § 406(a); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (Feb. 4, 2009).  Counsel petitioned for the award under 42 U.S.C. § 402(b) for representing Plaintiff in court, not before SSA.  While contingency fees cannot exceed 25 percent of the past-due benefits awarded, there is no dollar limit on the fee for representation in court.  *See* 42 U.S.C. § 402(b)(1)(A).  Therefore, the ALJ's finding is irrelevant to this Motion.

The effective rate here was within the range of reasonableness in this District.  The

effective rate here is higher than in some cases including higher than the amount Counsel

sought in the Trista S. Motion.   It is, however, a lower rate than what was deemed

reasonable in several other cases in this District.  (*See* Order Granting Mot. Att'y Fees at

5 (collecting cases granting awards with effective rates of $775.85, $1,141.91, and

$1,229.63)); *see also Mary F. v. Saul*, No. 20-111, 2021 WL 6338632, at *2 (D. Minn. Dec.

21, 2021) (recommending an award of fees with an effective rate of $970.65), *report and*

*recommendation adopted,* 2022 WL 93944 (D. Minn. Jan. 10, 2022).[3]

Plaintiff is correct that courts will reduce fee awards in Social Security cases where

the effective hourly rate is excessive.   In the case Plaintiff cited, the parties had an

agreement permitting the attorneys to receive 25 percent of the award, but the Court

reduced the award to approximately 8 percent.  *Batista v. Comm'r of Soc. Sec.*, No. 13-

4185, 2021 WL 6051569, at *1–2 (E.D.N.Y. Dec. 21, 2021).  There are, however, several

facts that distinguish this case from *Batista*.  First, despite the agreement in *Batista*,

counsel there only sought 12.5 percent of the award because they expected to receive

another award later in the case.  *Id.*  There is no other or subsequent award here.  Second,

the effective rate counsel in *Batista* initially requested was nearly $2,100 per hour which

---

[3] Counsel also notes that once the EAJA fees are refunded to Plaintiff and if all Counsel's hours are considered including those it agreed to waive compensation for, the effective rate here is approximately $431.70 per hour.  (Resp. Opp. Pet. Attorney Fee at 7.)  This is slightly less than the effective rate in the Trista S. Motion that Plaintiff indicates is reasonable.

the court reduced to nearly $1,400.  *Id.*  Counsel here requests a rate about half that

ultimately awarded in *Batista*.  Third, the *Batista* Court reduced the hourly rate because

it could not find any cases with an effective rate of more than $2,000.  *Id.*  Here there are

several cases with effective rates in this District where rates similar to or higher than the

rate Counsel requests were found reasonable.

Furthermore, the rate is reasonable considering the nature of the case and

Counsel's approach to it.  As the Court previously noted, the record Counsel worked with

was more than 2,500 pages and Counsel waived compensation for any representation in

administrative proceedings.

Although Plaintiff contends his case had a high likelihood of success, the only fact

he cites in support of this assertion is that Counsel took the case.  If this fact, standing

alone, indicates that there was a high likelihood of success, it would support a

presumption that all cases taken on a contingency basis are likely to succeed.  Even if

Plaintiff's case, in hindsight, had a high likelihood of success, nothing suggests that this

was obvious when Plaintiff and Counsel entered the agreement.  There is also no evidence

that Counsel expended minimal effort, which may have suggested it was aware of a high

likelihood of success.  Indeed, Counsel has documented the substantial effort it put into

the case including continuing to develop the record, examining expert testimony, and

determining the risks in this case based on the previous denial and Appeals Council's

previous affirmation of the case.

It may be the true that Plaintiff has been deprived of the time-value of money by a more than six-year delay in receiving his benefits.  This, however, is not the fault of his attorneys.  There is no evidence they unduly delayed his case.  To the extent that the time-value of money is not accounted for in cases where those initially denied benefits later receive them, this is a matter to resolved by legislation, not reducing otherwise reasonable attorney fees.[4]

Finally, while the Court has a duty to ensure the fee is reasonable under § 406, Plaintiff had some control over the fee awarded especially if he believed there was a high likelihood of success at the outset.  He could have sought to make an agreement with a contingency fee of less than 25 percent, capped the total amount his attorneys could have been awarded either in total or on an hourly basis, or not entered a contingency fee arrangement at all.

Therefore, for the reasons the Court originally found Counsel's request for fees reasonable—including the terms of the contingency fee agreement, the amount of time and effort spent on Plaintiff's case, the length of the record, the other comparable rates awarded in Social Security cases in the District of Minnesota, and the statutory

---

[4] The Court also notes that the quotation Plaintiff cites in support of considering the time-value of money when analyzing reasonableness, if anything, supports a conclusion that the fee here is reasonable.  The quotation comes from a passage explaining why attorneys working on contingency fees may need to be paid far more than their customary hourly rate to compensate attorneys—not their clients—for the time-value of money and accepting the risk of receiving no payment at all.  *Hensley v. Eckerhart*, 461 U.S. 424, 448–49 (1983) (Brennan, J., concurring in part).

requirements of 42 U.S.C. § 406(b)—the Court finds the fee award reasonable even after

considering Plaintiff's arguments in full.  Therefore, the Court will deny Plaintiff's Motion

and award the entire $27,888.38 requested fees, contingent upon Counsel refunding

Plaintiff the $6,472.16 EAJA fees received.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiff's Motion [Docket No. 42] is **DENIED**.


DATED:  September 14, 2022                          _____
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                                        District Judge
                                                             United States District Court